**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ‎——————————————————— ) | |
| JUDITH BARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-1245 (RWR) |
| ) | |
| PA CONSULTING GROUP, INC., ) | |
| ) | |
| Defendant. ) | |
| ——————————————————— ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Judith Barnett brought this employment discrimination action against her former employer, PA Consulting Group, Inc. ("PA"), alleging that PA terminated her employment because of her age and sex, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 <u>et seq.</u>, and the District of Columbia Human Rights Act, D.C. Code §§ 2-1404.01 <u>et seq.</u> PA has moved for reconsideration of the magistrate judge's Order denying PA's motion to compel discovery of Barnett's general medical records as irrelevant, and mental health records as privileged. The magistrate judge's finding that Barnett's psychotherapy records were privileged was not contrary to clearly established law. However, because Barnett has not demonstrated the irrelevance of her non-psychotherapy records, PA's motion for reconsideration will be granted in part and denied in part.

- 2 -

BACKGROUND

Barnett seeks compensatory damages resulting from an allegedly discriminatory termination and claims that "wounding . . . has caused her pain and suffering." (<u>See</u> Pl.'s Am. Compl. at 4-5.) Prior to and throughout her employment with PA, Barnett underwent "counseling with a therapist for several years . . . focusing primarily on family issues, including her role as a single mother." (Pl.'s Opp'n to Def.'s Mot. for Recons. at 5.) Barnett claims that although the termination caused her to "experience[] feelings of anger, humiliation and anxiety," she "is not contending that the discrimination caused her any permanent or long-lasting emotional injury . . . ." (Pl.'s Resp. to Def.'s First Set of Interrogatories at 9.)

On May 17, 2004, PA propounded its first set of discovery requests on Barnett, seeking, among other things, information and documents relating to Barnett's medical history.[1] On July 7,

---

[1] This request was contained in Interrogatory No. 10 and Document Request No. 26, which read as follows:

Interrogatory No. 10:

Given that Plaintiff claims damages for "pain and suffering," describe Plaintiff's medical history in detail, including every illness, injury, disorder, abnormal or disabling condition (physical, mental or emotional) or medical procedures and all treatment Plaintiff has had at any time (other than common virus, cold, flu or routine dental work), the date on which such condition began or became evident, the diagnosis of any such condition, all treatment received and the dates thereof, the identities of all current or former physicians, therapists, dentists,

- 3 -

2004, Barnett responded to these requests by objecting to

Interrogatory No. 10 on the grounds that the medical information

sought by PA was "an unwarranted invasion of personal privacy,

irrelevant and overly burdensome."  (Pl.'s Resp. to Def.'s First

Set of Interrogatories at 12.)  As a result of Barnett's

objection, PA moved to compel production of the requested medical

and mental health information.  (See Def.'s Mot. to Compel Pl.'s

Answers to Interrogatories & Production of Docs., Jan. 16, 2006.)

The magistrate judge denied PA's request for Barnett's mental

---

psychologists, hospitals, clinics, sanitariums, and other
health care providers who diagnosed or treated Plaintiff for
each such physical, emotional, mental, or psychological
condition, and identify (or produce) all documents
evidencing or relating to diagnosis or treatment of such
conditions.

(Def.'s First Set of Interrogatories to Pl. at 15.)

Document Request No. 26:

        Given that Plaintiff is seeking damages for emotional
injury and/or "pain and suffering," any and all medical
records and other documents, including, but not limited to,
reports, office notes, evaluations, diagnoses, dental
records, prescription forms, bills, letter to employers, and
intake forms, reflecting or relating to the physical,
mental, emotional or psychological health or condition and
treatment of the Plaintiff, whether such documents are
presently in Plaintiff's possession, custody or control, or
in the possession, custody or control of her current or
former physicians, therapists, dentists, psychologists,
counselors, hospitals, clinics, sanitariums, and other
health care providers and insurers or other indemnitors,
excluding medical records relating solely to minor
orthopedic conditions, common childhood illnesses, common
virus, cold, flu or routine dental work.

(Def.'s First Request for Production of Docs. to Pl. At 8.)

- 4 -

health records, finding that the information sought was
privileged under the psychotherapist-patient privilege and that
Barnett had not waived that privilege by failing to provide a
written response to the document production request, by not
expressly stating any privilege in her objection, or by claiming
an emotional injury.  <u>See</u> Mag. J. Mem. Order of June 30, 2006 at
3, 6-8.  With respect to PA's request for Barnett's general
medical records, the magistrate judge declined to order the
production of those records, concluding they were not relevant to
Barnett's discrimination claim.  <u>See</u> <u>id.</u> at 5-6.  PA has now
filed a motion for reconsideration of the magistrate judge's
decision not to compel production of Barnett's general medical
and mental health records, alleging that the magistrate judge's
ruling was contrary to established precedent.

<u>DISCUSSION</u>

Fed. R. Civ. P. 72(a) and LCvR 72.2(b) allow a party to seek
reconsideration of a magistrate judge's decision in a discovery
dispute.  "On review, the magistrate judge's decision is entitled
to great deference unless it is clearly erroneous or contrary to
law, that is, if on the entire evidence the court is left with
the definite and firm conviction that a mistake has been
committed."  <u>Pulliam v. Cont'l Cas. Co.</u>, No. 02-370, 2006 WL
3003977, at *2 (D.D.C. Oct. 20, 2006) (citing <u>Virtual Def. & Dev.
Int'l, Inc. v. Rep. of Mold.</u>, 133 F. Supp. 2d 9, 20 (D.D.C. 2001)

- 5 -

(quoting <u>Neuder v. Battelle Pac. Nw. Nat. Lab.</u>, 194 F.R.D. 289,
292 (D.D.C. 2000)) (internal quotations omitted); <u>see also</u> LCvR
72.2(c) ("Upon a motion for reconsideration . . . a judge may
modify or set aside any portion of a magistrate judge's order
. . . found to be clearly erroneous or contrary to law.").

I.   PSYCHOTHERAPIST-PATIENT PRIVILEGE

    PA alleges that the magistrate judge erred by not finding
that Barnett had waived her psychotherapist-patient privilege.
(<u>See</u> Def.'s Mem. in Support of Mot. for Recons. at 1, 3.)  PA
argues that Barnett waived this privilege by failing to object to
PA's document request, failing to assert her privilege in
response to PA's interrogatory, and by claiming an emotional
injury.  (<u>See</u> <u>id.</u> at 3-4.)

    "[C]onfidential communications between a licensed
psychotherapist and her patients in the course of diagnosis or
treatment are protected from compelled disclosure under Rule 501
of the Federal Rules of Evidence."  <u>Jaffee v. Redmond</u>, 518 U.S.
1, 15 (1996).  "Effective psychotherapy . . . depends upon an
atmosphere of confidence and trust in which the patient is
willing to make a frank and complete disclosure of facts,
emotions, memories, and fears."  <u>Id.</u> at 10; <u>see also</u> <u>In re Sealed
Case (Medical Records)</u>, 381 F.3d 1205, 1210 (D.C. Cir. 2004)
("Like the spousal and attorney-client privileges, . . . the
psychotherapist-patient privilege is rooted in the imperative

- 6 -

need for confidence and trust . . . ." (internal quotations
omitted)).

    A.   <u>Failure to object and timely assert privilege</u>

    Rule 34 of the Federal Rules of Civil Procedure provides
that "[t]he party upon whom the [document] request is served
shall serve a written response within 30 days after the service
of the request."  Fed. R. Civ. P. 34(b).  If the request is
objected to, the response should state the "reasons for the
objection."  <u>Id.</u>  "When a party withholds information otherwise
discoverable . . . by claiming that it is privileged . . ., the
party shall make the claim expressly and shall describe the
nature of the documents, communications, or things not produced
or disclosed in a manner that, without revealing information
itself privileged . . ., will enable other parties to assess the
applicability of the privilege . . . ."  Fed. R. Civ. P.
26(b)(5).  However, failure to comply with these rules does not
automatically constitute waiver of the privilege.  <u>See</u> <u>United</u>
<u>States v. Philip Morris Inc.</u>, 347 F.3d 951, 954 (D.C. Cir. 2003)
(explaining that waiver of the attorney-client privilege is not
automatic, especially where a party failed to list a document in
its privilege log that it believed was covered by its outstanding
objection to the scope of the discovery request).  "[W]aiver of a
privilege is a serious sanction most suitable for cases of

- 7 -

unjustified delay, inexcusable conduct, and bad faith."  <u>Id.</u>
(citation and internal quotation omitted).

While the magistrate judge admonished Barnett for not
responding to Document Request No. 26 in writing and not
expressly asserting the psychotherapist-patient privilege in
response to Interrogatory No. 10, he found that Barnett had
preserved her privilege objection by objecting to Interrogatory
No. 10, <u>see</u> Mag. J. Mem. Order of June 30, 2006 at 3, which
sought identical information about Barnett's medical history, "as
an unwarranted invasion of personal privacy, irrelevant and
overly burdensome."  (Pl.'s Resp. to Def.'s First Set of
Interrogatories at 12.)  Although PA alleges that it was
"contrary to well established law" for the magistrate judge to
not find that Barnett's "failure to provide any written
objections to PA's document requests and/or to produce a
privilege log . . . result[ed] in waiver of any applicable
privilege" (Def.'s Mem. in Support of Mot. for Recons. at 3, 4
(emphasis omitted)), such a harsh sanction is not warranted under
the circumstances.  The facts do not demonstrate, nor does PA
allege, that Barnett's failure to respond was due to anything but
carelessness.  <u>See</u> Mag. J. Mem. Order of June 30, 2006 at 3
(cautioning Barnett to "exercise greater care in the future,"
when objecting to discovery requests).  The magistrate judge's
finding that Barnett had preserved her privilege objection in

- 8 -

light of her response to Interrogatory No. 10 and her assertion
of privilege in opposition to PA's motion to compel is not
contrary to law and will be affirmed.

    B.   <u>Emotional injury claim</u>

    PA alleges that the magistrate judge "misapplied established
precedent" by finding that Barnett had not waived her
psychotherapist-patient privilege by claiming emotional damages.
(<u>See</u> Def.'s Mem. in Support of Mot. for Recons. at 4.)  In
seeking compensatory damages, Barnett alleged that PA's
termination of her employment "caused her pain and suffering."
(<u>See</u> Pl.'s Am. Compl. at 5.)  Responding to PA's Interrogatory
No. 5, which sought an explanation of the damages sought, Barnett
stated that she was seeking compensatory damages in part because
of the "humiliation and anger that she experienced from
defendant's unlawful conduct" and because she had "experienced
feelings of anger, humiliation and anxiety from the sudden
discharge and discrimination."  (<u>See</u> Pl.'s Resp. to Def.'s First
Set of Interrogatories at 8-9.)  However, Barnett made clear that
she was "not contending that the discrimination caused her any
permanent or long-lasting emotional injury . . . ."  (<u>See</u> <u>id.</u> at
9.)  Based on these responses, the magistrate judge stated that
because Barnett had neither alleged "that her distress was
particularly severe," nor "indicated that she plan[ned] to use
the substance of her conversations with her therapist or her

- 9 -

therapist's testimony as evidence," she had not placed her mental
state at issue.  See Mag. J. Mem. Order of June 30, 2006 at 7.

Kalinosky v. Evans, 377 F. Supp. 2d 136 (D.D.C. 2005), the
only opinion found in this district to address the issue of
waiver of the psychotherapist-patient privilege by a claim for
emotional damages, concluded that "the psychotherapist privilege
is waived when a plaintiff places her mental state at issue."
Id. at 137-38 (citing Schoffstall v. Henderson, 223 F.3d 818, 823
(8th Cir. 2000) ("Numerous courts since *Jaffee* have concluded
that, similar to [the] attorney-client privilege that can be
waived when the client places the attorney's representation at
issue, a plaintiff waives the psychotherapist-patient privilege
by placing his or her medical condition at issue.")); see also
Fox v. The Gates Corp., 179 F.R.D. 303, 306 (D. Colo. 1998)
(holding that a plaintiff waives the psychotherapist-patient
privilege by claiming damages for emotional distress)
(interpreting the holding in Dixon v. City of Lawton, 898 F.2d
1443 (10th Cir. 1990), as providing that "a plaintiff who relies
on her medical condition as an element of her claim may not
assert the psychotherapist-patient privilege to preclude a
defendant from obtaining discovery of her mental health
records."[2]).

---

[2] Given that a federal psychotherapist-patient privilege
cognizable under Federal Rule of Evidence 501 had yet to be
articulated by either the Supreme Court or the Tenth Circuit, the

- 10 -

In <u>Kalinosky</u>, the court held that the plaintiff had placed her mental health at issue "through her allegations that defendant's actions caused her severe emotional distress and led her to seek the services of a mental health professional." <u>Kalinosky</u>, 377 F. Supp. 2d at 138.  By contrast, Barnett does not contend that PA's actions caused her severe emotional distress, but rather claims that the termination did not cause any "permanent or long-lasting emotional injury."  (<u>See</u> Pl.'s Resp. to Def.'s First Set of Interrogatories at 9.)  Moreover, unlike in <u>Kalinosky</u>, where the plaintiff claimed that the defendant's actions triggered her need for mental health services, Barnett makes no such claim.  She acknowledges that she has "undergone counseling with a therapist for several years starting before working for PA, focusing primarily on family issues, including her role as a single mother[,]" and that while the "termination . . . affected her[,] . . . it did not spark any change in her therapy or treatment regimen."  (Pl.'s Opp'n to Def.'s Mot. to Recons. at 5.)  Since PA has presented no controlling authority showing that Barnett's allegations of an ordinary reaction of anger, humiliation and anxiety at being fired placed her mental state at issue, the magistrate judge's decision is not contrary to established law.

_____

<u>Dixon</u> court assumed, but did not decide, that such a privilege existed in supporting its holding.  <u>See</u> <u>Dixon v. City of Lawton</u>, 898 F.2d 1443, 1450-51 (10th Cir. 1990).

- 11 -

## II.  GENERAL MEDICAL RECORDS AND NON-PRIVILEGED MENTAL HEALTH HISTORY

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  <u>Id.</u>  "For the purposes of discovery, relevancy is broadly construed and encompasses any material that bears on, or that reasonably leads to other matters that could bear on, any issue that is or may be in the case."  <u>Alexander v. F.B.I.</u>, 194 F.R.D. 316, 325 (D.D.C. 2000).  "Where a plaintiff alleges emotional distress, a defendant is entitled to explore whether causes unrelated to the alleged wrong contributed to plaintiff's claimed emotional distress, and a defendant may propound discovery of any relevant medical records of plaintiff in an effort to do so."  <u>Moore v. Chertoff</u>, Civil Action No. 00-953, 2006 WL 1442447, at *2 (D.D.C. May 22, 2006).  Where information sought appears to be relevant, the party resisting disclosure bears the burden of "demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'"

- 12 -

Id. (quoting <u>Merrill v. Waffle House, Inc.,</u> 227 F.R.D. 467, 470-
71 (N.D. Tex. 2005).

Based on Barnett's claims that the "firing itself was
wounding . . . and caused her pain and suffering" (<u>see</u> Pl.'s Am.
Compl. at 5), and that she "experienced feelings of anger,
humiliation and anxiety from the sudden discharge and
discrimination" (<u>see</u> Pl.'s Resp. to Def.'s First Set of
Interrogatories at 9), PA is entitled to seek discovery of any
relevant medical records.  PA alleges that the magistrate judge
erred in refusing to order discovery of both Barnett's general
medical records and any non-privileged mental health information
because these documents are relevant to her claims of pain and
suffering, humiliation, anger, anxiety, and to other factors,
besides her termination, that may have affected her mental and
emotional state.  (<u>See</u> Def.'s Mem. in Support of Mot. for Recons.
at 7, 8.)

Barnett satisfied her burden of showing that the harm of
disclosing her privileged therapy records far outweighed their
marginal relevance.  She alleges that her general medical records
are irrelevant because she is not claiming that "[t]he
termination . . . caused any permanent or long-lasting emotional
injury," and because she will not present evidence from "medical
providers . . . that she needed treatment for stress stemming
from the termination of her employment."  (<u>See</u> Pl.'s Opp'n to

- 13 -

Def.'s Mot. to Recons. at 5.)  A plaintiff's pledge not to prove damages through expert testimony does not entitle that plaintiff to withhold relevant medical records from a defendant.  <u>Moore</u>, 2006 WL 1442447, at *2.  If Barnett received any medical treatment for any development that may have created the type of transitory mental and emotional stress that she alleges PA's termination of her employment caused, it may be that this information is relevant for discovery purposes.  Because Barnett has provided only the conclusory statement that the requested information is irrelevant, without more, she has not carried her burden of demonstrating its irrelevance or that the harm from disclosure would outweigh its marginal relevance.  The magistrate judge's refusal to order production of Barnett's general medical records and non-privileged mental health information, without substantiation from Barnett as to why production of this information would be irrelevant, will not be upheld.

<u>CONCLUSION AND ORDER</u>

Because the magistrate judge's finding that Barnett did not waive her psychotherapist-patient privilege was not contrary to law, PA's motion to reconsider that finding will be denied. Because Barnett has not demonstrated any harm from disclosure of her relevant non-therapy medical and mental health records or their irrelevance, PA's motion for reconsideration of that finding will be granted.  Accordingly, it is hereby

- 14 -

ORDERED that PA's motion for reconsideration be, and hereby is, GRANTED in part and DENIED in part.  The magistrate judge's finding that Barnett did not waive her psychotherapist-patient privilege is upheld.  That part of the magistrate judge's Order denying PA's motion to compel discovery of Barnett's non-therapy medical and mental health records is set aside and remanded for further proceedings consistent with this Memorandum Opinion.

SIGNED this 19th day of March, 2007.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge